UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| DARLENE G. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION NO. 5:08CV-201-R |
| DANA COMPANIES, LLC, ) | |
| ) | *FILED ELECTRONICALLY* |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff Darlene G. Williams and for a cause of action against the Defendant Dana Companies, LLC would respectfully show this Honorable Court the following:

1. The Plaintiff, Darlene G. Williams, (hereinafter "Plaintiff") is a resident and citizen of Hopkinsville, Christian County, Kentucky.

2. The Defendant, Dana Companies, LLC, (hereinafter "Defendant Dana") is a foreign corporation authorized to be and doing business in Hopkinsville, Christian County, Kentucky, wherein the allegations set forth in this complaint occurred.

4. Jurisdiction and venue in this matter are proper because the events giving rise to this matter took place in Hopkinsville, Christian County, Kentucky, at the Defendant's facility and because this matter involves a federal question pursuant to 28 U.S.C. 1331. This matter is also brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and pursuant to

K.R.S. § 342.197 through pendant and supplemental jurisdictions.

4.  The Plaintiff filed a timely charge of discrimination in violation of the Americans with Disabilities Act and for racial discrimination against her employer with the U.S. Equal Employment Opportunities Commission and a Dismissal and Notice of Rights was issued on September 30, 2008, which is attached as Exhibit A to the Complaint.

5.  The Plaintiff was hired by the Defendant on or about June 4, 2007. The Plaintiff sustained an on-the-job injury to her right lower extremity on or about October 5, 2007, and pursued workers' compensation benefits. The Plaintiff reported her injury on said date in a timely manner. During the course of her medical treatment for injuries, she was placed on light duty. The Plaintiff informed the Defendant of her light duty restrictions and requested reasonable accommodation. The Plaintiff received accommodations and continued to work for the Defendant. On or about December 6, 2007, approximately sixty (60) days after her work-related injuries, the Plaintiff was terminated by the Defendant. The Plaintiff asserts that she was discriminated against and terminated by the Defendant Employer in violation of the Americans with Disabilities Act as set forth in the allegations of Count 1 of this Complaint. In the alternative, the Plaintiff asserts that she was discriminated against and terminated by the Defendant Employer based on her race as set forth in the allegations of Count II of this Complaint. Further, in the alternative, the Plaintiff asserts that she was discriminated against and terminated by the Defendant Employer in retaliation for pursuing a workers' compensation claim as set forth in Count III of this Complaint.

## COUNT I

6.  At all relevant dates and times, the Plaintiff was a qualified individual with a disability since she has: (a) a physical impairment that substantially limits one or more of the

major life activities of the Plaintiff; (b) has a record of such an impairment; or (c) was regarded as having such an impairment by the Defendant Employer.

7. The Defendant Employer did not attempt to accommodate the Plaintiff with her work restrictions nor did the Defendant consider modifying the Plaintiff's work schedule or work duties.

8. The Defendant employer hastily and arbitrarily terminated the Plaintiff in approximately sixty (60) days from the date of her work-related injury.

9. The Defendant Employer should have engaged in a bona fide interactive process with the Plaintiff to determine the appropriate reasonable accommodation.

10. The Defendant's refusal to make reasonable accommodation for the Plaintiff's disability or perceived disability and its failure to engage in a bona-fide interactive process with the employee, and its decision to terminate the Plaintiff constitutes discrimination against the Plaintiff due to her disability in violation of the Americans with Disabilities Act of 1990, 42 USC § 12101 et seq.

11. The Plaintiff asserts that the Defendant Employer discriminated against the Plaintiff starting on or about October 5, 2007, in violation of the Americans with Disabilities Act of 1990, 42 USC § 12101 et seq.  From October 5, 2007, the Plaintiff was operating under a physical impairment that substantially limited a major life activity which was apparent to and perceived by the Defendant Employer.  The Defendant Employer discriminated against her and treated her poorly from the time the Defendant Employers knew of her disabling injury until the date of her termination. The Defendant Employer's reason for termination was pretextual.  The Plaintiff was capable of performing the essential job functions with reasonable accommodation at the time of her termination. The Defendant did not make a good-faith effort to modify the Plaintiff's work

schedule. The Plaintiff would further allege that she was discriminated by the Defendant Employer and that such improper acts and/or omissions resulted in handicap and disability discrimination and culminated in the Plaintiff's termination.

12. At all relevant date and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees and/or agents because: (a) the Defendant Employer did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding employee's rights pursuant to Americans with Disabilities Act of 1990, 42 USC § 12101 et seq.; (c)the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant Employer's policies towards a workplace free of handicap and disability discrimination;(d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report handicap and disability discrimination occurring within the Defendant's workplace; and, (e) the Defendant did not have a viable and reasonable procedure and policy in effect to provide reasonable accommodation to its employees with disabilities.

13. At said relevant dates and times as set forth herein:

   a) the Plaintiff was a qualified individual with a disability that substantially limited a major life activity and/or the employer treated the Plaintiff as if the Plaintiff's impairment substantially limited a major life activity;

   b) the Plaintiff was able to perform and could have performed the essential functions of the job with reasonable accommodation; and

   c) the Plaintiff improperly suffered a tangible adverse employment action in being discharged or terminated by the employer as a result of being disabled and in violation of the Americans with Disabilities Act.

## COUNT II

14. Allegations 1 through 5 are hereby incorporated as though fully set forth herein. In the alternative, the Plaintiff asserts that at all relevant dates and times as set forth herein:

   a) the Plaintiff was a member of a protected class as an African American;

   b) the Plaintiff Employee was subjected to harassment through the Defendant Employer's words and actions;

   c) the Defendant Employer's harassment had the effect of unreasonably interfering with the Plaintiff Employee's work performance and creating an objectively intimidating, hostile, or offensive work environment; and

   d) the discrimination by the Defendant Employer resulted in a tangible adverse employment action for the Plaintiff Employee.

15. The Plaintiff further asserts that she was discriminated against and terminated by the Defendant and that the reasons proffered by the Defendant Employer were merely a pretext. The Plaintiff further asserts that similarly situated employees with pending workers' compensation claims and/or work restrictions who were not members of a protected class were not discriminated against or terminated by the Defendant Employer as compared to her and other members of her protected class.

16. The Plaintiff asserts that the Defendant Employer's conduct and actions from October 5, 2007, through December 6, 2007, culminating in the Plaintiff's termination violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq.

## COUNT III

17. Allegations 1-5 are hereby incorporated herewith. In the alternative, the Plaintiff asserts that at times relevant dates and times set forth herein and pursuant to K.R.S. § 342.197:

   a) the Plaintiff was employed by the Defendant;

      b)    the Plaintiff properly sought workers' compensation benefits for an injury that occurred in the course and scope of employment with the Defendant employer;

      c)    the Defendant employer discriminated against and discharged the Plaintiff before she reached maximum medical improvement for pursuing a workers' compensation claim; and

      d)    the Plaintiff's pursuit of workers compensation benefits was a substantial motivating factor in the Defendant employer's decision to discharge the Plaintiff on December 6, 2007.

18. The Plaintiff enjoyed a pleasant positive work atmosphere with the Defendant Employer until the Plaintiff suffered a work-related injury on or about October 5, 2007. After October 5, 2007, the Defendant treated the Plaintiff poorly as compared to other similarly situated employees who did not have pending workers' compensation claims.

19. The Plaintiff would aver that she was treated poorly by her employer as a result of pursuing workers' compensation benefits and ultimately was terminated by her employer on December 6, 2007, approximately sixty (60) days after she suffered her work-related injury, which was in violation of KRS 342.197.

### APPLICABLE TO COUNTS I, II, AND III

20. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against and terminated by the Defendants and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary loses and for punitive damages.

WHEREFORE PLAINTIFF PRAYS:

      a)    that service of process issue to Defendant as set forth in;

b)  the Plaintiff be awarded compensatory damages in the amount of $300,000.00;

c)  the Plaintiff be awarded punitive damages in the amount of $200,000.00;

d)  that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under law;

e)  that the Court award the plaintiff such other, further, general and different relief to which she may be entitled; and punitive damages; and

f)  that a jury of six (6) be empaneled to try this action.

Respectfully Submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

/s/Donald D. Zuccarello
Donald D. Zuccarello, BPR No. 90591
3209 West End Avenue
Nashville, Tennessee   37203
(615) 259-8100
(615) 259-8108 Facsimile
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      This is to certify that a true copy of the foregoing was served on the following individuals via CM-ECF this 3rd day of February, 2009.

Ms. Karen M. Paulin
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202

                                              /s/ Donald D. Zuccarello
                                              COUNSEL FOR PLAINTIFF,
                                              DARLENE G. WILLIAMS